PROB 12C
(7/93)

Report Date: September 26, 2014

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Toney August Schomer   Case Number: 2:06CR00059-WFN-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: October 23, 2006

| | | | |
|---|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) | | |
| Original Sentence: | Prison - 57 months;<br>TSR - 36 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Aine Ahmed | Date Supervision Commenced: | March 15, 2012 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: | March 14, 2015 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. |
| | **Supporting Evidence**: On September 25, 2014, the undersigned officer attempted to contact Mr. Schomer at his last known address of 428 East Bridgeport in Spokane, Washington. The occupant of the residence advised the undersigned that Mr. Schomer had moved out of the home at the beginning of September 2014. Mr. Schomer failed to report his change of residence to the undersigned officer. |
| | In addition, on September 25, 2014, the undersigned officer contacted Mr. Schomer's wife, Kristina Schomer, by telephone. Mrs. Schomer advised she had not seen the offender since the beginning of September 2014. Furthermore, Mrs. Schomer reported he had contacted her by telephone approximately 2 weeks ago, in which he stated he was fine. However, Mrs. Schomer advised Mr. Schomer did not disclose his whereabouts. |

Prob12C
Re: Schomer, Toney August
September 26, 2014
Page 2

    2    **Special Condition #14:** You shall cooperate with a mental health and anger management evaluation and follow any treatment recommendations as directed by the supervising probation officer. This may include taking prescribed medications. You shall allow reciprocal release of information between the probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability, as determined by the supervising probation officer.

        **Supporting Evidence:** On June 19, 2014, Mr. Schomer participated in a mental health evaluation at Resource Counseling Solutions. As a result of this evaluation, the offender was recommended to participate in counseling sessions two times per month to address his issues with depression and anxiety. Mr. Schomer failed to follow through with the recommended mental health treatment.

    3    **Special Condition #16:** You shall undergo a substance abuse evaluation as directed by the supervising probation officer, and if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall allow full reciprocal disclosure between the probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability, as determined by the supervising probation officer.

        **Supporting Evidence:** On June 12, 2014, Mr. Schomer participated in a substance abuse evaluation at Alcohol Drug Education Prevention and Treatment, Inc. (ADEPT) in Spokane, Washington. As a result of this evaluation, Mr. Schomer was recommended to enter into intensive outpatient substance abuse treatment (IOP).

        On July 14, 2014, Mr. Schomer completed an intake at ADEPT, in which he was scheduled to enter into IOP groups on July 21, 2014. He failed to attend his initial IOP treatment group on July 21, 2014, and has yet to attend any recommended substance treatment classes.

    4    **Special Condition #17:** You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer. Urinalysis testing shall not exceed more than six (6) per month.

        **Supporting Evidence:** On or about February 14, 2014, Mr. Schomer was referred for urinalysis testing at Alcohol Drug Education Prevention and Treatment, Inc. (ADEPT), in which he was required to provide two random urinalysis samples. ADEPT has confirmed Mr. Schomer failed to report for random drug testing at that agency on August 7 and 21, 2014, as well as on September 4 and 15, 2014.

Prob12C
**Re: Schomer, Toney August**
September 26, 2014
Page 3


The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   September 26, 2014

s/Erik Carlson

Erik B. Carlson
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

9/26/2014
Date